31525. BENTON RAPID EXPRESS INC. *et al.* v. JOHNSON *et al.*

GARDNER, J. For the purposes of this opinion we relate the following allegations of fact: Mrs. Clara Johnson brought suit in Jones County, Georgia, against Benton Rapid Express Inc.; the corporation being chartered under the laws of Georgia, with its principal office in Savannah, Georgia, Chatham County; and against Cecil Collins, a resident of Putnam County, Georgia, and J. W. Smallwood, who it is alleged was a resident of Florida. After the suit was pending, the plaintiff amended the petition by adding allegations to the effect that J. W. Smallwood, at the time of the injury, was a resident of Jones County; that at the time the suit was filed and service was perfected, he was a resident of Florida; but that for the purposes of the suit he was a resident of Jones County, Georgia; and that service had been perfected upon Smallwood personally while he was in Jones County, Georgia, and "temporarily residing there." It was further alleged in the petition that the husband of the plaintiff had engaged Smallwood for a consideration to transport him from Gray, Georgia, to Eatonton, Georgia, and return. While the plaintiff was in Putnam County, Benton Rapid Express Inc. owned and operated a truck there for hire, and said truck was being driven by Collins, the driver. While the deceased was in Putnam County he received injuries from which he died. The injuries were caused by the joint negligence of Smallwood and Benton Rapid Express Inc., by and through its agent Collins. Finally, when the case as amended came on for hearing, the defendant made a motion to dismiss the petition, which motion in effect was based on the principle that the allegations of the petition showed on its face that the Superior Court of Jones County was without jurisdiction to entertain the case, since Benton Rapid Express Inc. was a resident of Chatham County, Georgia, and Cecil Collins, the operator of the truck, was a resident of Putnam County; that either a court of competent jurisdiction in Chatham

County or in Putnam County had jurisdiction, and that venue could not be laid as against the two resident defendants of Georgia by perfecting service on Collins and filing the suit in Jones County, Georgia.

The trial judge overruled this motion to dismiss, and this judgment was excepted to by Benton Rapid Express Inc. and Cecil Collins, and the case was brought here for review. This court certified this question to the Supreme Court for instructions. The certified question is as follows:

"Where, at the time of the filing of a suit, two of three joint tort-feasors are residents of the State of Georgia, and the other a resident of the State of Florida, (a) may the venue of a suit for the recovery of damages flowing from the negligent acts of the joint tort-feasors be laid in a county where the non-resident happens to be found and served, or (b) must the venue of such action be laid in a county of one of the residents of the State of Georgia?"

The Supreme Court, after discussing the case, concluded as follows: "Accordingly, as an answer to the question propounded, we hold that venue must be laid in a county of this State wherein one of the resident joint tort-feasors resides." It follows, therefore, that the judgment of the court below refusing to dismiss the petition was error, and the decision must be reversed.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 11, 1947.

*Martin, Martin & Snow,* for plaintiffs in error.
*J. B. Jackson, Carlton Mobley, E. W. Maynard,* contra.